DA 09-0542

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2010 MT 45N

MONTANA DEPARTMENT OF REVENUE,

      Petitioner and Appellee,

  v.

KEITH THILL and GAYLE THILL,

      Respondents and Appellants.

| APPEAL FROM: | District Court of the Thirteenth Judicial District, In and For the County of Yellowstone, Cause No. DV 09-0506 Honorable Ingrid G. Gustafson, Presiding Judge |
| --- | --- |

COUNSEL OF RECORD:

      For Appellants:

            Keith and Gayle Thill, (self-represented litigants); Billings, Montana

      For Appellee:

            Teresa G. Whitney; Special Assistant Attorney General; Montana Department of Revenue; Helena, Montana

Submitted on Briefs:  February 3, 2010

Decided:  March 9, 2010

Filed:

_____
                     Clerk

Justice Jim Rice delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2006, the following memorandum decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Keith Thill and his wife, Gayle Thill, did not file a Montana State Income Tax Return for the years of 2003, 2004, 2005, and 2006. On April 9, 2009, the Montana Department of Revenue (DOR) filed a Petition for Order to File Individual Income Tax Returns or to Show Cause Why Returns Should Not Be Filed before the Thirteenth Judicial District Court. The Thills, pro se, filed two pleadings, denominated as a Motion for Discovery to Compel Production of Alleged Evidence and a Motion to Dismiss for Lack of Supporting Evidentiary Record and for Lack of Constitutional Due Process. The District Court denied both of the Thills' motions.

¶3 At a hearing held on June 9, 2009, Brian Olsen, individual income tax specialist for the DOR, testified as to his evaluation of the Thills' gross incomes during the years of 2003, 2004, 2005, and 2006. According to Olsen, a taxpayer need not file a tax return if he or she makes less than a certain amount of gross income, but because the Thills made well above that amount, they were required to file tax returns with Montana for the analyzed years. The District Court then asked the Thills some questions. During the

questioning, the Thills admitted they did not file the relevant tax returns and did not dispute the yearly gross incomes reported to the Internal Revenue Service. The Thills instead argued that they did not qualify as a "taxpayer." On July 16, 2009, the District Court, pursuant to § 15-30-316, MCA,[1] granted the DOR's petition, warning the Thills that their failure to properly complete and file their tax returns would result in "contempt of court and issuance of a warrant of arrest commanding the arrest and incarceration of either Mr. Thill or Ms. Thill should either fail to file a return . . . ."

¶4    On appeal, the Thills present numerous arguments challenging the District Court's Order. To the extent we can discern the substance of their arguments, the Thills argue the District Court erred by failing to take judicial notice of federal statutes, denying them "preliminary access to the evidence," allowing the State to proceed with insufficient evidence, requiring Gayle Thill to file a tax return when she earned "an insufficient amount" to trigger such a filing, forcing both of them to sign a document "under penalty of perjury," using contempt of court to enforce its Order, violating their rights under the Fourth and Fifth Amendments, and allowing the State to use "poisonous fruit." The Thills additionally argue the District Court incorrectly interpreted the State's power to tax because, for example, they do not fall within the definition of a "taxpayer," they did not engage in taxable activities, the State cannot impose a "direct application of the federal personal income tax," and the State cannot tax "without federal involvement or privilege."

---

[1] In 2009 the Code Commissioner renumbered § 15-30-316, MCA, to § 15-30-2634, MCA. There were no substantive changes.

¶5 The Thills' admissions and failure to dispute the evidence at the June 9, 2009 hearing eliminate any factual issues. We therefore review the District Court's conclusions of law for correctness. *Hart v. Craig*, 2009 MT 283, ¶ 3, 352 Mont. 209, 216 P.3d 197 (citation omitted). When reviewing the District Court's Order that the Thills file their tax returns or face contempt of court, we limit our review to whether the District Court had jurisdiction and supporting evidence to issue the Order. *Gillispie v. Sherlock*, 279 Mont. 21, 24, 929 P.2d 199, 200 (1996) (citation omitted).

¶6 We have determined it is appropriate to decide this case pursuant to Section I, Paragraph 3(d) of our 1996 Internal Operating Rules, as amended in 2006, which provides for memorandum opinions. It is manifest on the face of the briefs and the record before us that the appeal is without merit because the legal issues are clearly controlled by settled Montana law, which the District Court correctly interpreted, and the District Court had jurisdiction and evidence that supported its Order.

¶7 Affirmed.

/S/ JIM RICE

We concur:

/S/ MIKE McGRATH
/S/ PATRICIA O. COTTER
/S/ BRIAN MORRIS
/S/ JAMES C. NELSON